UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06817-JVS (AS) | | Date | March 7, 2017 |
|---|---|---|---|---|
| Title | Kyung Hwan Choi v. David Long, Warden | | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     (IN CHAMBERS)  ORDER TO SHOW CAUSE

On September 12, 2016, Kyung Hwan Choi ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). The Petition asserts the following grounds for federal habeas relief: (1) "The Trial Court's failure to Give a Unanimity Instruction as to The Conspiracy Charge Violated petitioner's Federal Due Process Rights;" (2) "Petitioner was denied Due Process of Law because the evidence was insufficient to support conviction of conspiracy and burglary;" (3) "The Trial court's failure to adequately instruct the jury on the natural and probable consequences doctrine violated Petitioner's Federal Due Process Rights;" and (4) Petitioner is actually innocent based on "newly discovered evidence," specifically, sworn affidavits of multiple individual(s) who "have been convicted of the charged offenses" and who "are now willing to exonerate Petitioner of the crimes "Petitioner never committed." (Petition at 6-12).

On September 16, 2016, the district court issued an Order Denying Stay of the Petition under Rhines v. Webber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), which addressed Petitioner's request for a stay of the Petition in order to return to the state courts to exhaust Ground Four of the Petition, specifically, actual innocence and prosecutorial misconduct (see Petition at 15; see also Petition at 10-14). (Docket Entry No. 3).

On October 12, 2016, the district court issued an Order Denying Petitioner's Motion for Reconsideration of the Order Denying Stay of the Petition, following Petitioner's Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06817-JVS (AS) | Date | March 7, 2017 |
|---|---|---|---|
| Title | Kyung Hwan Choi v. David Long, Warden | | |

for Reconsideration clarifying that Petitioner had sought a stay and abeyance of the Petition under Rhines (see Docket Entry No. 6).  (Docket Entry No. 7).

On December 16, 2016, Respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss")  (Docket Entry No. 15), contending that Ground Four of the Petition was unexhausted because Petitioner had failed to present Ground Four to the California Supreme Court.  (See Motion to Dismiss at 5–7).

On December 20, 2016, the Court issued an Order requiring Petitioner to select, by January 10, 2017, one of three options, because (as Petitioner had conceded, see Petition at 11-12, and as reflected by the California Courts' website [http://appellatecases.courtinfo.ca.gov]) Ground Four of the the Petition was unexhausted, which made the Petition a mixed petition, subject to dismissal.  (Docket Entry No. 17).  Specifically, the Court ordered Petitioner to either: (1) voluntarily dismiss the entire action without prejudice; (2) voluntarily dismiss the unexhausted claim (Ground Four of the Petition) and elect to proceed on only the unexhausted claims (Grounds One through Three of the Petition); or  (3) dismiss the unexhausted claim (Ground Four of the Petition), and pursuant to Kelly, file a motion seeking a stay of the exhausted claims (Grounds One through Three of the Petition) while Petitioner returns to the state courts to exhaust his dismissed claim.  Id. at 3-5. (The Court noted that a stay of the Petition under Rhines was not an available option based on the district court's issuance of the Order Denying Stay of the Petition, id. at 3).  Petitioner was expressly warned that his failure to file a timely response to the Court's December 20, 2016 Order might result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and/or obey Court orders pursuant to Fed.R.Civ.P. 41(b).  Id. at 6.  Petitioner further was expressly warned that his failure to select one of the three options identified in the Court's Decmeber 20, 2016 Order might result in the dismissal of the Petition as a mixed petition.  Id.

Although the Court granted Petitioner an extension of time -- to February 17, 2016 -- to file a Response to the Court's December 20, 2016 Order (see Docket Entry Nos. 18-19), as of today's date, Petitioner has failed to file a Response to the Court's December 20, 2016 Order.

Accordingly, Petitioner is **HEREBY ORDERED TO SHOW CAUSE why this action should not be dismissed as a mixed petition**, pursuant to Rose v. Lundy, 455 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-06817-JVS (AS) | Date | March 7, 2017 |
|---|---|---|---|
| Title | Kyung Hwan Choi v. David Long, Warden | | |

509, 522 (1982).

Petitioner may file a response to this Order by availing himself of one of the three options set forth in the Court's December 20, 2016 Order:
 (1) voluntary dismissal of the entire action without prejudice;
 (2) voluntary dismissal of the unexhausted claim, as identified above, and proceeding on the exhausted claims; or
 (3) Dismissing the unexhausted claim, as identified above, and pursuant to Kelly, move for a stay of this action.

Information regarding the requirements for, and potential consequences of, each of these options are explained in the Court's December 20, 2016 Order, a copy of which is attached.

Petitioner must file a response to this Order withing twenty (20) days (by no later than **March 27, 2017**) **.**

**Petitioner is warned that failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and/or obey Court orders pursuant to Fed.R.Civ.P. 41(b) and/or dismissal without prejudice as a mixed petition.**

|  |  | 0 : 0 0 |
|---|---|---|
|  | Initials of Preparer | AF |